RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 JUL 14 A 8:39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TILLMAN HARMON, | CIVIL ACTION NO. 9:09-1964-DCN-BM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI)[1] alleging disability as of June 8, 2005 due to back pain and effects of medication.

---

[1] Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that [he] was disabled during the insured period for DIB may still receive SSI benefits if [he] can establish that [he] is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits]. Under SSI, the claimant's entitlement to benefits (assuming they establish disability) begins the month following the date of filing the application forward. Pariseau v. Astrue, No. 07-268, 2008 WL 2414851, * 13 (D.R.I. June 13, 2008).



(R.pp. 112). Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 29, 2008. (R.pp. 21-44). The ALJ thereafter denied Plaintiff's claims in a decision issued July 8, 2008. (R.pp. 7-20). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the
2



Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a Defendants' Exhibit novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was thirty-two (32) years old when he alleges he became disabled, has a ninth education with past relevant work experience as a heavy equipment operator and painter. (R.pp. 25, 113-114, 118). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff has severe impairments[2] (low back pain and borderline intellectual functioning) and is unable to perform any of his past relevant work, he nevertheless retains the residual functional capacity (RFC) to perform a range of light work,[3] and is therefore not disabled. (R.pp. 12, 14, 18-19).

Plaintiff asserts that in reaching this decision, the ALJ erred by disregarding Plaintiff's

---

[2]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).



3

chronic obstructive pulmonary disease, by conducting an improper Listing analysis,[4] and by failing to pose a proper hypothetical to the vocational expert which included all of Plaintiff's limitations. After careful review and consideration of the arguments and evidence presented, the undersigned is constrained to agree with the Plaintiff that the ALJ did not properly discuss all of the Plaintiff's alleged impairments as set forth in the medical record, and that a remand is therefore required.

Plaintiff's main objection to the ALJ's decision is that the ALJ completely disregarded Plaintiff's claim that he suffers from chronic obstructive pulmonary disease (COPD) in making his decision. Specifically, the ALJ did not discuss or compare Plaintiff's symptoms to the requirements of Listing 3.02 [chronic pulmonary insufficiency], did not discuss treating physician Dr. John Sanders' diagnosis of COPD and his opinion that Plaintiff was disabled due to this condition, nor did the ALJ discuss this impairment in his decision or include the effects of this impairment in his hypothetical to the vocational expert.

The Commissioner concedes that the ALJ did not discuss the evidence relating to Plaintiff having COPD when determining whether Plaintiff's impairment or combination of impairments met or medically equaled the criteria for a Listed impairment, but argues that the ALJ's failure to do so was harmless error because he would have reached the same decision had he considered this evidence. However, the very case cited by the Commissioner to support this assertion, <u>Fischer-Ross v. Barnhart</u>, 431 F.3d 729 (10th Cir. 2005), contradicts the Commissioner's argument. In <u>Fischer-Ross</u>, the Court held that an ALJ's initial error at Step 3 of the evaluation

---

[4]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medial signs, symptoms, or laboratory test results." <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. <u>See</u> 20 C.F.R. §§ 416.925, 416.926 (2003).



4

process[5] (determining whether an impairment meets the criteria of a listed impairment) may be harmless if the ALJ's findings at a later step of the sequential evaluation process support his Step 3 conclusion. Fischer-Ross, 431 F.3d at 733-734. However, a review of the ALJ's decision shows that he not only did not consider the evidence concerning Plaintiff having a possible impairment due to COPD at Step 3 of the sequential process, he did not address whether Plaintiff had a severe impairment due to COPD at a later step in the decision either.

With respect to the evidence relating to this possible impairment, a review of the record shows that Plaintiff began seeing Dr. Sanders in January 2007 for pain management. On November 22, 2007, Plaintiff underwent an evaluation for chest discomfort, and on examination was found to have expiratory wheezing, mostly in the left low lung, which radiated. Plaintiff was admitted to the hospital, where "wheezing" was again noted on examination and Plaintiff was described as having a history of chronic bronchitis. It was recommended that Plaintiff needed to control his gastroesophageal reflux diseases and stop smoking. (R.pp. 266-267). Plaintiff was thereafter seen (apparently by Dr. Sanders) on December 10, 2007 for continued complaints of recurrent chest pain associated with shortness of breath. The treatment note indicates that Plaintiff had a history of chronic bronchitis and on examination had expiratory wheezes in his lungs. (R.pp. 268-269).

Plaintiff continued to suffer from chest pain, and was found to have decreased ejection

---

[5]To ensure a uniform and efficient processing of disability claims, the Social Security Act provides for a five step sequential process to determine whether a claimant has a disability: 1) whether the claimant is engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the claimant has an impairment which equals an illness contained in the Listings of impairments; 4) whether the impairment prevents the claimant from performing their past relevant work; and 5) whether the impairment prevents the claimant from doing any substantial gainful employment. 20 C.F.R. § 404.1520. If an individual is found not disabled at any step, then they are not entitled to disability benefits. 20 C.F.R. § 404.1520(4).



fraction and gastroesophageal reflux disease with a past medical history of, among other ailments, chronic bronchitis. A clinical report dated December 26, 2007 notes a past history COPD, although a physical examination revealed no respiratory problems at that time. (R.pp. 272-274, 276-277). An examination note signed by Dr. Sanders on January 16, 2008 (referencing an examination performed on January 6, 2008) notes a history of chronic bronchitis from tobacco use, with examination revealing "[d]istant breath sounds" in the lungs. (R.pp. 279-280). An examination conducted by Dr. Jeff Hall on February 12, 2008 during a procedure on Plaintiff's infected tooth reflects that Plaintiff was taking Albuterol breathing treatments daily, although his lungs were "CTA bilaterally". (R.p. 281). Plaintiff testified at the hearing that he started using oxygen twenty-four hours a day in December 2007 because of COPD, and that prior to that time he had used inhalers and Albuterol. (R.pp. 30-31). On April 18, 2008, Dr. Sanders wrote a "to whom it may concern" letter stating that Plaintiff has been unable to work since June 2005, and that he was "totally disabled from his back injury and additionally disabled due to COPD requiring oxygen." (R.p. 282). See Craig v. Chater, 76 F.3d 585, 589-590 (4th Cir. 1996) [noting importance accorded to treating physician's opinion].

In making his decision, the ALJ discusses in some detail the evidence concerning Plaintiff's back pain and mental impairment, but does not anywhere in his decision discuss a diagnosis of chronic bronchitis or COPD or the medical evidence discussing lung problems. See generally, (R.pp. 14-18). While the ALJ does note Plaintiff's testimony that he had used oxygen since December 2007 due to COPD, as well as the medical record showing that Plaintiff was taking Albuteral breathing treatments daily and reported that he was using home oxygen at night, he does not then further discuss this evidence or how it relates to his decision. (R.p. 15). As for Dr. Sanders' opinion of disability, the ALJ stated that he did not give this opinion great weight, but then only discusses how this opinion did not comport with Dr. Sanders' records with respect to Plaintiff's



6

complaints of back pain, not mentioning Dr. Sanders' diagnosis of COPD. (R.p. 16). Similarly, in making his findings with respect to Plaintiff's residual functional capacity, the ALJ did find that Plaintiff should not be exposed to fumes, gases and odors due to "the complaints of breathing problems . . . .", but does not include any discussion of how Plaintiff's COPD and/or breathing problems might affect his exertional capacity, nor does he discuss why he discounted Dr. Sanders' opinion of disability due to COPD. (R.pp. 16-17). This is reversible error.

While it is the ALJ's job to weigh the evidence and reach a conclusion based on that oftentimes conflicting evidence, where the ALJ finds an RFC greater than is reflected in the evidence, the ALJ is required to explain his rejection of that evidence. Cf. Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not adequately explain her rationale for discounting the recommendations of one of plaintiff's treating physicians]; Morales v. Apfel, 225 F.3d 310, 317-318 (3d Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of the medical opinion of a treating physician]. While the Commissioner argues that Plaintiff's treatment notes did not reflect any disabling symptoms due to a breathing or pulmonary problem, or that Plaintiff has COPD, and indeed there is evidence in the record from which the ALJ could have reached a conclusion that Plaintiff's breathing impairment was not of disabling severity, the fact remains that the ALJ did not himself discuss his rejection of this evidence (assuming that is what he did), or indicate why he was rejecting the diagnosis of Plaintiff's treating physician of the severity of this condition. See Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990)["Implicit" rejection of treating physician's opinion cannot satisfy Administration's obligation to set forth "specific, legitimate reasons" for rejecting a treating physician's opinion].

The ALJ's failure to set forth his reasons for (apparently) rejecting the cited medical evidence, or to alternatively explain how he reached the RFC stated in the decision while accepting



7

this evidence, requires reversal of the decision. Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence]; Morales, 225 F.3d at 317-318 [ALJ must explicitly weigh the evidence and explain his rejection of the medical opinion of a treating physician]; Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)[Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision]. Further, if the ALJ accepts the findings of the cited medical records and reaches a determination that Plaintiff's RFC would be restricted by this impairment, it would be necessary to include such restriction(s) in the hypothetical to the vocational expert. Fenton v. Apfel, 149 F.3d 907, 910 (8th Cir. 1998) ["The Secretary is required to produce vocational expert testimony concerning availability of jobs which a person with a claimant's particular characteristics can perform, if...he or she is precluded from performing a full range of a particular work classification...."].

Finally, with respect to the remainder of Plaintiff's complaints concerning the decision, on remand the ALJ will be able to reconsider and re-evaluate Plaintiff's credibility and the medical evidence as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of a proper evaluation, discussion and findings with respect to the medical records relating to Plaintiff's



complaints of breathing and/or pulmonary problems and COPD, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

The parties are referred to the notice page attached hereto.

Bristow Marchant
United States Magistrate Judge

July 13, 2010
Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

