**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Tillman Harmon, | ) | C/A No. 9:09-1964-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion for attorney's fees filed November 16, 2010. Plaintiff moved for an award of attorney's fees of $3,775.00 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner filed a response in opposition on December 3, 2010, to which plaintiff filed a reply on December 8, 2010.

## I.  BACKGROUND

Tillman Harmon brought this action seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner) denying plaintiff's claims for disability insurance benefits and supplemental social security income. The case was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation (R&R). The magistrate judge issued the R&R on July 14, 2010, which recommended the Administrative Law Judge's (ALJ) decision be reversed and remanded for failing to explicitly discuss plaintiff's chronic obstructive pulmonary disease (COPD) symptoms, failing to analyze whether the combined effects of plaintiff's impairments resulted in disability, and failing to support the decision to discount the opinion of

plaintiff's treating physician regarding the COPD impairment.  This court agreed with the R&R and remanded the case for further administrative proceedings.

## II.  DISCUSSION

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Pursuant to 42 U.S.C. § 405(g), this court has the power to reverse and remand the case for further proceedings by the Commissioner.  When a court remands pursuant 42 U.S.C. § 405(g), the plaintiff is considered the "prevailing party" for the purposes of the EAJA.  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).  This court remanded the underlying action because of failures by the ALJ; therefore, the plaintiff is the prevailing party.

As the non-prevailing party, the government has the burden of proving its position was substantially justified.  Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991).  "The government's position must be substantially justified in both fact and law."  Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992).  Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotations omitted).  While "the substantially justified standard is not 'a high standard' requiring 'a strong showing,'" "the standard requires that the government must do more than merely avoid frivolity for it to escape liability for fees under the Act."  Evans v. Sullivan, 928 F.2d 109, 111 (4th Cir. 1991) (citing Pierce,

487 U.S. at 565-66). If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified. Crawford, 935 F.2d at 658. There is no "presumption that the government's position was not substantially justified, simply because it lost the case." Id. at 656 (citing Tyler Bus. Serv.s, Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). When determining whether defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138-39 (4th Cir. 1993).

Applying this standard to the facts of this case and carefully considering the entire record, this court concludes that the position of the Commissioner was not substantially justified. The Commissioner argues that implicit findings regarding the COPD impairment and the ALJ's consideration of "the entire record" provide substantial justification for the ALJ's decision and the Commissioner's litigation position in defense of that decision. This argument must fail. There is ample Fourth Circuit legal precedent requiring the ALJ *explicitly* provide a proper listing analysis of any severe impairment for review by this court. See, e.g., Cook v. Heckler, 783 F.2d 1168, 1172-73 (4th Cir. 1986). Additionally, the ALJ "must explain his or her evaluation of the combined effects of the impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citing Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985). Furthermore, the ALJ must explain the reasoning for rejecting a treating physician's opinion regarding a disability, Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000), and provide "persuasive contradictory evidence." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). The

ALJ's failure in each of the above respects in the underlying action constitutes clear, reversible legal error.

The Commissioner also argues the ALJ committed harmless error in failing to discuss plaintiff's COPD in a listing analysis. This court concluded in an earlier Order that the ALJ's error was not harmless. Harmon v. Astrue, No. 09-1964, 2010 WL 3786496, *7 (D.S.C. Sept. 21, 2010) (remanding the case for further administrative proceedings). Accordingly, this argument warrants no further discussion.

Because the Commissioner's position is in direct contradiction with clear legal precedent, an award of attorney's fees is proper.

### III. CONCLUSION

Based on the reasons stated above, the court grants plaintiff's motion for attorney's fees under the EAJA. Accordingly, **IT IS ORDERED** that plaintiff be awarded $3,775.00.[1]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**July 5, 2011**
**Charleston, South Carolina**

---

[1] Attorney's fees under the EAJA shall be made payable directly to the plaintiff. See Astrue v. Ratliff, 560 U.S. ----, ----, 130 S. Ct. 2521, 2527 (2010) ("EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts.").